Peter I. Ostroff (SBN 45718)
postroff@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 986-6000
Facsimile: (213) 896-6600

Blake L. Beckham (TX SBN 02016500)
Jose M. Portela (TX SBN 90001241)
THE BECKHAM GROUP P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: (214) 965-9300
Facsimile: (214) 965-9301

Attorneys for Plaintiff
Alan Debonneville

SCAN

FILED
CLERK, U.S. DISTRICT COURT
APR 25 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ALAN DEBONNEVILLE,
Plaintiff,
vs.
BROCK PIERCE,
Defendant.

No. CV 07-3776 R (MANx)

[~~PROPOSED~~] TEMPORARY RESTRAINING ORDER

Date Filed: April 24, 2008
Trial Date: May 20, 2008

Plaintiff Alan Debonneville ("Debonneville") has filed an Ex Parte Application for Temporary Restraining Order and Writ of Attachment and Memorandum in Support (the "Application") against Defendant Brock Pierce ("Pierce").

1. Pursuant to Central District Local Rules 7-20 and 52, after considering Debonneville's Application, including the Declarations filed in support thereof, the Court finds that unless Pierce, Pierce's officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(3)(A) or (B) is immediately restrained from the following

acts, Pierce will commit these acts, thus causing immediate and irreparable injury to Debonneville:

    a. Contacting any bank for Debonneville or his attorneys for purposes of reversing any payment Pierce made to Debonneville under the terms of the parties' settlement agreement in this lawsuit (the "Settlement"), including specifically:

        i. UBS AG, Debonneville's bank in Hong Kong; and

        ii. Bank of America, The Beckham Group's bank in Dallas.

    b. Attempting to reverse any payment made to Debonneville or his attorneys.

    c. Interfering with any of Debonneville's rights under the Settlement.

    d. Failing timely to comply with any of the terms of the Settlement.

    e. Filing any suit relating to the Settlement in any other jurisdiction, or before any other judge in this jurisdiction, other than a personal bankruptcy suit.

2. Also pursuant to Central District Local Rules 7-20 and 52, the Court finds that the injury Debonneville would suffer if any of the foregoing acts were committed would be irreparable, because the Application establishes that such wrongs would be part of a wrongful scheme by Pierce, already commenced, to attempt to illegally recover settlement payments already paid to Debonneville or to avoid paying Pierce's settlement obligations. If Pierce was successful, Debonneville would not be able to recover his losses from Pierce, and would otherwise wholly lack an adequate remedy at law.

3. Pursuant to Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure, this Order is granted *ex parte* because the Court finds that if Pierce is not immediately restrained, even for the time necessary to give notice and conduct a hearing, he could commit the aforesaid wrongful acts, and Plaintiff Debonneville would suffer the aforesaid irreparable injury.

THEREFORE, for the foregoing reasons, the Court hereby Orders that: following:

4. Defendant Pierce, and any and all of his agents, servants, attorneys and all persons acting for him or on his behalf or in concert with him, be and are commanded forthwith to immediately desist and refrain from committing any of the following acts, from the date of the entry of this Order until its expiration or further Order of this Court:

a. Contacting any bank for Debonneville or his attorneys unless it is to make the additional payments owed under the Settlement Agreement, including the following:

i. UBS AG, Debonneville's bank in Hong Kong; and

ii. Bank of America, The Beckham Group's bank in Dallas.

b. Attempting to reverse any payment made to Debonneville or his attorneys.

c. Interfering with any of Debonneville's rights under the Settlement.

d. Failing timely to comply with any of the terms of the Settlement.

e. Taking any action to sell, assign, transfer, mortgage, encumber, hypothecate, or otherwise burden any asset owned directly or indirectly by Pierce, unless such action is performed solely to raise funds to be paid to Debonneville.

f. Filing any suit relating to the Settlement, Debonneville or his attorneys, in any other jurisdiction, or before any other judge in this jurisdiction, other than a personal bankruptcy suit.

~~Additionally, to the extent that Pierce was successful in recovering any amount or any payment made to Debonneville or his attorneys, Pierce must immediately tender said amount into the registry of the Court.~~

5. The Clerk shall issue notice to Pierce that the hearing on Debonneville's application for (preliminary or) permanent injunction shall be heard on May 5, 2008, at 10 a.m/~~p.m~~, before this Court.

6. This Order shall not be effective unless and until Plaintiff Debonneville posts bond in the amount of $10,000, which, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, is the amount this Court finds proper for security to be paid to Pierce for his costs and damages in the amount he is found to have been wrongfully enjoined or restrained by this Order.

IT IS SO ORDERED:

Signed this 25th day of April 2008 at 10:30 (AM/~~PM~~).

Hon. Manuel Real

I:\Debonneville\Pleadings\TRO 04-23-08.DOC