**Peter I. Ostroff (SBN 45718)**
**postroff@sidley.com**
**Sean A. Commons (SBN 217603)**
**scommons@sidley.com**
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California 90013**
**Telephone: (213) 986-6000**
**Facsimile: (213) 896-6600**

**Blake L. Beckham (TX SBN 02016500)**
**Jose M. Portela (TX SBN 90001241)**
**THE BECKHAM GROUP P.C.**
**3400 Carlisle, Suite 550**
**Dallas, Texas 75204**
**Telephone: (214) 965-9300**
**Facsimile: (214) 965-9301**

**Attorneys for Plaintiff**
**Alan Debonneville**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN DEBONNEVILLE,<br>Plaintiff,<br>vs.<br>BROCK PIERCE,<br>Defendant. | No. CV 07-03776 R (MANx)<br><br>**PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.1**<br><br>[PROPOSED] ORDER<br><br>Hon. Manuel Real<br><br>Date Filed: May 21, 2008<br>Trial Date: None<br>Date of Hearing: June 16, 2008 |

Pursuant to Local Rule 79-5.1, Plaintiff ALAN DEBONNEVILLE ("Debonneville") respectfully requests the Court to order the filing under seal of the following documents (and the exhibits accompanying them). This request for filing under seal is being made as certain of the exhibits are subject to confidentiality provisions and also because the motions to which they are attached may contain

confidential material. Accordingly, the following is a list of documents which are being requested to be filed under seal:

1. Debonneville's Motion to Request Interest, Expenses, and Attorneys Fees and Memorandum in Support Thereto.
2. To the extent this Court believes it is necessary, any order or other documents which relates to No. 1 above.

## I. <u>POINTS AND AUTHORITIES</u>

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Although the Ninth Circuit recognizes a "strong presumption" of public access to court records, the "common law right of access is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In particular, "when a party attaches a sealed discovery document to a *nondispositive* motion, the usual presumption of the public's right of access is rebutted." *Id.* (emphasis in original); see also *California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005) (same). More generally, "[t]he factors relevant to a determination of whether the strong presumption of access is overcome include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagested v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Courts have denied access to court records which contain the confidential business information or trade secrets of parties or third parties. *See, e.g., Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1176 (9th Cir. 1989) (submitting documents under seal is "proper procedure where the parties are concerned that trade secrets may be revealed"); *Henry Hope X-Ray Prods. Inc. v.*

*Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir. 1982) (same); *In re Adobe Sys., Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (filing under seal preserves "parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated"); *see also In re Reporters' Comm.*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) ("Courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing.").

The above-referenced documents, many of which contain confidentiality provisions or are subject to the Protective Order entered by this Court, are being filed in support of the Application for Temporary Restraining Order and Writ of Attachment which is a nondispositive motion. Accordingly, under *Foltz*, this rebuts the presumption of access and provides a sufficient basis for the Court to order the documents filed under seal. However, even if the documents had been filed in connection with a dispositive motion, there would still be "compelling reasons" for granting this application to file under seal.

## II. CONCLUSION

The above-referenced documents are appropriate for filing under seal. Debonneville respectfully requests that the Court allow these documents to be filed under seal.

Dated: May 21, 2008

Respectfully submitted,

**SIDLEY AUSTIN LLP**
Peter I. Ostroff
Sean A. Commons

Attorneys for Plaintiff
Alan Debonneville

**THE BECKHAM GROUP P.C.**
Blake L. Beckham
Jose M. Portela

By: ______________________
Jose M. Portela
Attorneys for Plaintiff
Alan Debonneville

# PROOF OF SERVICE

**STATE OF TEXAS** )
) **ss.**
**COUNTY OF DALLAS** )

I am employed in the County of Dallas, State of Texas. I am over the age of 18 and not a party to the within action. My business address is THE BECKHAM GROUP, 3400 Carlisle, Suite 550, Dallas, Texas 75204.

On **May 21, 2008**, I served the foregoing document described as **PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.1** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Francine Friedman Griesing<br>**GREENBERG TRAURIG, LLP**<br>2700 Two Commerce Square<br>2001 Market Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 988-7833<br>Facsimile: (215) 717-5245 | Diana Scott<br>Matt Hayes<br>**GREENBERG TRAURIG, LLP**<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404<br>Telephone: (310) 586-7700<br>Facsimile: (310) 586-7800 |

I am "*readily familiar*" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

[ ] **(BY U.S. MAIL)** I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at THE BECKHAM GROUP, Dallas, Texas. I am readily familiar with THE BECKHAM GROUP'S practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, the correspondence would be deposited in the U.S. Postal Service on that same day in the ordinary course of business.

[ ] **(BY HAND DELIVERY)** I caused the documents to be delivered by hand by First Legal Messenger Service to the addressees shown above.

[*x*] **VIA FACSIMILE** (CCP §§ 1012.5, 1013). I caused the said document(s) to be transmitted by facsimile machine to the number indicated after address(es) noted herein.

[ ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ] **(STATE)** I declare under the laws of the State of California that the above is true and correct.

**EXECUTED** on **May 21, 2008**, at Dallas, Texas.

**Jose M. Portela**